UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL ALBERT SOARES<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>ROY L. HENDRICKS, et al.,<br><br>　　　　　　　Respondent. | Civil Action No.: 11-7134 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge,

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court has considered the submissions of the parties and the arguments placed on the record on December 8, 2011. For the reasons set forth below, Petitioner's application is denied.

**I.　BACKGROUND**

Petitioner was arrested by Portuguese authorities in May 2006 and charged with Aggravated Attempted Homicide for attempting to have his ex-wife killed. Petitioner was acquitted by the Portuguese criminal court on September 7, 2007. The Prosecution appealed the judgment to the Portuguese Supreme Court of Justice, which reversed the lower court's acquittal and sentenced Petitioner to a custodial sentence of four years and six months. On March 24, 2009, an international arrest warrant was issued in Portugal because Petitioner had left the country.

On January 27, 2010, the Government of Portugal submitted a formal request for

Petitioner's arrest, extradition and surrender to the United States Department of State. The Portuguese Government requested the extradition of Petitioner under the Extradition Treaty between the United States and Portugal.

On April 11, 2011, Petitioner was arrested by the New Jersey State Police when he was pulled over for a traffic violation in Elizabeth, New Jersey, which ultimately revealed that Petitioner was wanted for extradition to Portugal. On April 12, 2011, the U.S. Attorney's Office for the District of New Jersey filed a Complaint for Petitioner's extradition. On April 15, 2011, Petitioner appeared before Magistrate Judge Madeline Cox Arleo for a first appearance, at which time Magistrate Judge Arleo remanded the Petitioner to custody without bail.

Judge Arleo held an extradition hearing on May 17, 2011. After hearing the arguments, Judge Arleo determined that all the legal requirements for certification had been established. On May 20, 2011, Judge Arleo issued a Certification and Committal for Extradition finding that Petitioner is subject to extradition to Portugal under 18 U.S.C. § 3184.

## II.	ANALYSIS

A Magistrate Judge's certification order under 18 U.S.C. § 3184 is not directly appealable, but is reviewable by this Court upon filing of a petition for habeas corpus. This review is on "extremely limited" grounds, namely: 1) whether the magistrate judge had jurisdiction; 2) whether the offense charged falls within the Extradition Treaty; and 3) whether there was any evidence warranting the finding that there was reasonable ground to believe the accused is guilty. Sidali v. INS, 107 F.3d 191, 195-96 (3d Cir. 1997); Fernandez v. Phillips, 268 U.S. 311, 312 (1925). Petitioner concedes that Magistrate Judge Arleo had jurisdiction to hold the hearing and the charged offense falls within the Extradition Treaty. Therefore, this Court limits its analysis to whether there is any reason to believe Petitioner is guilty of the charged

offense.

Petitioner argues that the underlying facts not only do not support his conviction, but do not even give rise to probably cause. However, Petitioner's position is misguided because this court does not have plenary or de novo review of this habeas petition. Rather, the fundamental question — whether there is any reason to believe the accused is guilty — requires this Court to give deference to Judge Arleo's ruling if there is any reasonable basis for it. Probable cause is established if a person of ordinary prudence can conscientiously entertain a reasonable belief in the probable guilty of the accused. Therefore, this Court only needs to find that Judge Arleo reasonably determined that the accused was likely guilty.

The threshold for establishing probable cause in extradition cases is even lower where a fugitive has already been convicted by the requesting country. A judgment of conviction is all that is necessary for a Court to determine that probable cause exists for purposes of extradition. See Spatola v. United States, 925 F.2d 615, 618 (2d Cir. 1191) ("[where] there has been a judgment of conviction [entered by a foreign court], there is no need for an 'independent determination of probable cause: the relator's guilt is an adjudicated fact which a fortiori establishes probable cause."). Under this standard, Judge Arleo only needed to review the conviction to establish probable cause. However, Judge Arleo went further and did an independent review of the supporting documentation submitted by Portugal. At the hearing, Judge Arleo stated:

> . . . we do have here an affidavit from a judge that recounts in excruciating detail what happened. It is not just a – an empty factless judgment of conviction. It's a detailed account about how [Petitioner] called these gentlemen up, and he had phone conversations, the date, the time, the night of the phone calls, they went to the police, there was a couple of notes, the notes are translated. There was a payment of money. There was a subsequent phone call after the alleged murder was to take place. There's detail about it. So it's the kind of detail that would clearly – I – I would be hard pressed to find that the detail in Judge Diaz's affidavit does not support a finding out of probable cause, [even] absent the judgment of conviction . . .

Respondent Brief, Ex. 2, p. 13. Thus it is clear from Judge Arleo's oral opinion given at the extradition hearing that she based her finding of probable cause not only on Petitioner's conviction and sentence, but also on the all the underlying documents submitted by the Portuguese Government.

Petitioner also argues that Judge Arleo erred in refusing to allow him to submit certain portions of the Portuguese trial transcripts at the extradition hearing. During the hearing, Judge Arleo found that Petitioner's proposed submissions constituted prohibited contradictory evidence. Judge Arleo stated that she could not review previous trial testimony because "to hold such convictions [alone] do not constitute probable cause in the United States or require United States judicial officers to review trial records and consequently substitute their judgment for that of foreign juries and judges . . . would be inconsistent with the principles of comity." Resp. Brief, Ex. 2, pp. 26-27.

Because probable cause is the standard of proof, the only evidence that a petitioner may attempt to introduce at an extradition hearing is evidence that explains rather than contradicts the demanding country's proof. Hooker v. Klein, 573 F.2d 1360, 1368 (9th Cir. 1978). As denoted by their respective names, explanatory evidence "explains away" probable cause, whereas contradictory evidence only refutes the proof submitted by the requesting state or raises affirmative defenses. Jimenez v. Aristeguita, 311 F.2d 647, 556 (5th Cir. 1962) ("The accused is not entitled to introduce evidence which merely goes to his defense but he may offer limited evidence to explain elements in the case against him . . .").

This Court finds that the submission of any of the underlying trial transcripts would constitute prohibited contradictory evidence.[1] As Judge Arleo correctly noted, the transcripts

---

[1] Although this Court's review is limited to whether there was a reasonable basis for Judge Arleo's ruling, having reviewed the transcripts in question, this Court finds that they are not germane to the question of extradition and do not alter the judgment herein.

would only serve to contradict the government's evidence and this Court does not properly stand in the position of an appellate court on the issue of probable cause. Rather, reviewing the entirety of the evidence is a task reserved to the Portuguese Courts. As such, Judge Arleo properly rejected Petitioner's request to introduce trial testimony.

Accordingly, **IT IS** on this 19th day of January, 2012,

**ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied; and it is further

**ORDERED** that the Clerk of the Court shall also docket a copy of this Order under Petitioner's corresponding criminal action number: 2:11-cr-381; and it is further

**ORDERED** that the Clerk of the Court shall close the file in this matter; and it is further

**ORDERED** that the Clerk of the Court shall close the file in 2:11-cr-381.

**SO ORDERED.**

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE